IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TEXAS GREEN STAR HOLDINGS, LLC AND TEXAS GREEN STAR, LLC, *Plaintiffs*, <br><br> V. <br><br> CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. CSXNWFQP0000165-00; CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. W2D806200101; LANDMARK AMERICAN INSURANCE COMPANY; RISK PLACEMENT SERVICES, INC; MCLARENS, INC; ANCHORA INSURANCE SERVICES, LLC; AND RYAN PIKE, INDIVIDUALLY, *Defendants*. | Civil Action No: 3:23-cv-2223 |

## NOTICE OF REMOVAL

COME NOW, Defendants, Certain Underwriters at Lloyd's, London subscribing to Policy No. W2D806200101, each for themselves alone and no other, severally not jointly, based on their own respective percentage of interest and Landmark American Insurance Company ("Defendants"), without waiving any affirmative defenses or objections herein, including, but not limited to, those defenses available under Rules 8 and Rules 12 of the Federal Rules of Civil Procedure and without waiving Defendants' right to seek dismissal and compel arbitration of this dispute pursuant to the arbitration clause contained in the subject insurance policy, which requires disputes between the parties to be submitted to arbitration, hereby remove this cause (bearing Cause No. CC-21-04851-A) from the County Court at Law No. 1 of Dallas County, Texas to the United States District Court for the Northern District of Texas and would show as follows:

1

1. **Basis for Removal.**  Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446.  Defendants assert that there is a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), and therefore this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202–03, 205.  In removing this cause, Defendants specifically preserve and do not waive any affirmative defenses whatsoever, including but not limited to any Rule 12 affirmative defenses, service of process and personal jurisdiction defenses, venue defenses, and the defense that Plaintiff's complaint fails to state a claim upon which relief can be granted.  Defendants also specifically preserve and give notice of their right to seek dismissal and to compel arbitration of this dispute.  Defendants will be filing a dispositive motion seeking that relief subsequent to the removal of this cause.

2. **Text of Arbitration Agreement**.  The commercial property insurance policies purchased by Plaintiff provide for arbitration as follows:

> This endorsement is subject to all terms and conditions of the Policy to which it attaches. It is hereby understood and agreed that:
>
> If there is any dispute or disagreement as to the interpretation of the terms and conditions of this policy or the development, adjustment, and/or payment of any claim, they shall be submitted to the decision of a Joint Arbitrator that the Insured and Company shall appoint jointly.
>
> If there is no agreement on the selection of the Joint Arbitrator within a period of 30 days after the decision is made, the Insured and the Company shall each appoint their Representative Arbitrators in writing within 10 days, who shall rule in a joint decision 15 days after they are summoned.
>
> In the event the Representative Arbitrators do not agree, they shall inform the contracting parties in writing of their appointment of a Tie-Breaking Arbitrator.
>
> The Tie-breaking Arbitrator shall chair the meeting he or she considers necessary with the two disagreeing Representative Arbitrators.
>
> The Insured and Company will equally share the costs of the Joint Arbitrator and Tie Breaking Arbitrator, and each party will be responsible for cost of their own Representative Arbitrator.
>
> Any arbitration proceedings and interpretations shall take place in New York, New York, unless mutually agreed otherwise by the parties of the arbitration.

> Notwithstanding the location of the arbitration, all proceedings pursuant hereto shall be governed by the law of the State of New York.
>
> All other terms and conditions remain unchanged.

(FS C 578 11 19).

3.  **Relevant Factual Background**.  As part of Defendants' investigation of Plaintiff's insurance claim, Defendants requested an examination under oath ("EUO") on June 1, 2021.  Plaintiff resisted cooperation with the requested EUO for nearly two years until an EUO was finally provided on March 20, 2023.  Defendants denied Plaintiff's claim on May 9, 2023 based on information obtained from Plaintiff during and after the EUO.  Plaintiff disputed the claim denial, and Defendants invoked their right to arbitrate the matters in dispute via a letter dated September 6, 2023.  Plaintiff's counsel responded via letter dated September 29, 2023 declining to participate in arbitration.  Accordingly, Defendants file this Notice of Removal asserting the arbitration agreement as a federal defense and removing this action pursuant to federal statute. *See* 9 U.S.C. § 205; *Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002) (noting that § 205 alters ordinary removal practice by making the case removable on the basis of this federal defense).

4.  **The State Court Action**.  The state court action which is removed to this Court is styled the following: *Texas Green Star Holdings, LLC v. Certain Underwriters at Lloyd's London Subscribing to Policy No. CSXNWFQP0000165-00, et al.* in the County Court at Law No. 1 of Dallas County, Texas, Cause No. CC-21-04851-A.  Plaintiff alleges that Defendants failed to comply with their contractual, common law, and statutory obligations arising from their insurance contracts with Plaintiff.  Defendants do not admit the underlying facts alleged by Plaintiff and expressly deny liability to Plaintiff.

5.  **Propriety of Removal**.  This action is properly removed under 28 U.S.C. § 1441 and 9 U.S.C. § 205 to the United States District Court for the Northern District of Texas, as the

district embracing the County Court at Law No. 1 of Dallas County, Texas in which the state court action was pending.

6. **Background on Federal Treaty and Statutes Underlying This Removal**. As an international treaty, the Convention is the highest law of the land.[1] The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standards by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15 (1974). Over one hundred countries have signed the Convention, including the United States, the United Kingdom of Great Britain and Northern Ireland, and Germany. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–08 ("Convention Act"), in order "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

7. The Convention Act is part of the Arbitration Act, 9 U.S.C. § 1 et seq. Chapter 1 of Title 9 is the Federal Arbitration Act ("FAA"). Chapter 2 of Title 9 is the Convention Act. Section 208 of the Convention Act incorporates the FAA into the Convention Act to the extent the FAA is not inconsistent with the Convention Act or the Convention. *See* 9 U.S.C. § 208. This

---

[1] "The Convention was negotiated pursuant to the Constitution's Treaty power. Congress then adopted enabling legislation to make the Convention the highest law of the land. As such, the Convention must be enforced according to its terms over all prior inconsistent rules of law." *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat. Oil Co. (Pemex)*, 767 F.2d 1140, 1145 (5th Cir. 1985), holding modified by *Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327 (5th Cir. 2004).

cause is properly removed based on a federal question, the FAA, and the referenced provisions of the Convention Act, including but not limited to § 202, which provides the following:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section, a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

9 U.S.C. § 202.

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, the following:

> 1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

Convention, Article II, ¶¶ 1-2.

Section 205 of the Convention Act additionally provides the following:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

8. **Fifth Circuit Caselaw Interpreting Removal Under The Convention**. The Fifth Circuit has recognized that any dispute under an insurance policy containing an arbitration clause with an international party is subject to arbitration under the Convention. For example, in *Acosta v. Master Maintenance & Const., Inc.*, 452 F.3d 373, 380 (5th Cir. 2006), the Fifth Circuit held that removal under the Convention was proper where the plaintiffs' claims for exposure to mustard gas "related to" the dispute that was subject to arbitration under the liability insurance policy sued upon via the Louisiana Direct Action Statute. *See also Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994). The threshold for determining whether a dispute "relates to" an arbitration provision governed by the Convention is exceedingly low. *See Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("[w]henever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit. Thus, the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense."); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 844 (8th Cir. 2012) (joining Fifth Circuit); *Infuturia Global Ltd. V. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137–39 (9th Cir. 2011) (same).

9. The test for removal under the Convention requires only that the petition for removal state the federal defense that the dispute "relates to" an arbitration agreement falling under the Convention. *See* 9 U.S.C. § 205 ("The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint *but may be shown in the petition for removal*." (emphasis added)); *see also Beiser v. Weyler*, 284 F.3d 665, 671 (5th Cir. 2002) (reasoning that "[t]he language that the ground for removal 'need not appear on the face of the complaint' explicitly abrogates the well-pleaded complaint rule that normally keeps such defenses from serving as the basis for federal question

jurisdiction" and further explaining that "the statute directs us to determine whether a defendant's defense arises under federal law from the 'petition for removal' alone."). Thus, whether removal jurisdiction is proper in this matter must be determined from the petition for removal alone. *See id.* at 672 ("Resolving the question of whether the agreement falls under the Convention will ordinary prove quick and easy, without requiring too much merits-like investigation by the district court.").

10.     **Background on Lloyd's of London Insurance Market**:   Here, Defendants subscribe to the policies issued to Plaintiff.  As explained by the Fifth Circuit in *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853 (5th Cir. 2003), Lloyd's of London "is not an insurance company but rather a self-regulating entity which operates and controls an insurance market."  *Id.* at 857 (internal citation omitted).  The Lloyd's entity "provides a market for the buying and selling of insurance risk among its members who collectively make up Lloyd's." *Id.* at 857–58 (internal citations omitted).  Thus, "a policyholder insures *at* Lloyd's but not *with* Lloyd's." *Id.* at 858 (internal citations omitted).  The "members or investors who collectively make up Lloyd's are called 'Names' and they are the individuals and corporations who finance the insurance market and ultimately insure risks." *Id.* (internal citation omitted).  As such, Names are the underwriters of Lloyd's insurance, and they invest in a percentage of the policy risk.  *Id.*  Typically, "hundreds of Names will subscribe to a single policy, and the liability among the Names is several, not joint." *Id.* (internal citation omitted).  "In order to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a 'Syndicate' which will in turn subscribe to policies on behalf of all Names in the Syndicate." *Id.*  However, the "Syndicates themselves have been said to have no independent legal identity.  Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy.  A Syndicate

bears no liability for the risk on a Lloyd's policy.  Rather, all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy." *Id.* (internal citation omitted).

11.     **This Dispute Involves at Least One Citizen of a Foreign Country**.  In this case, a portion of Policy No. W2D806200101 is subscribed to by Beazley Underwriting Limited, which is not a citizen or resident of Texas or any other state within the United States. Beazley Underwriting Limited is registered under the laws of England and has its principal place of business in London, England.[2]  The mere presence of Beazley Underwriting Limited in the litigation warrants removal.  Furthermore, as to the portion of the risk assumed by other underwriters at Lloyd's of London under the policy, these parties must also be considered citizens of countries other than the United States.  Therefore, there can be no question that the dispute involves parties that are citizens of countries other than the United States, thus implicating important concerns of international comity that are critical to the interpretation and enforcement of federal treaties.  The dispute filed by Plaintiffs against the Defendants "relates to" the insurance contracts that include the mandatory enforcement of the arbitration provisions requiring that arbitration be held in New York and under New York law due to the presence of parties that are citizens of countries other than the United States pursuant to the Convention.  The remaining components required for application of the Convention as a basis for removal are likewise satisfied. *See generally Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002).

12.     Removal based on arbitration provisions contained in insurance agreements have been upheld by Texas courts, particularly when the FAA is triggered, as is the case here. *See, e.g.,*

---

[2] This is an incomplete list of the underwriters participating on the risk.  The list is not intended to be exhaustive, but merely to demonstrate that participating entities are citizens of countries other than the United States.

*Nueces County, Texas v. Certain Underwriters at Lloyd's of London, et. al,* No. 2:20-CV-65 (S.D. Texas, Aug. 31, 2020); *Sylis Property Mgmt., LLC v. Certain Underwriters at Lloyd's London, et. al,* No. 5:18-CV-1052-DAE (S.D. Tex., Dec. 14, 2018); *Ranchers and Farmers Mut. Ins. Co. v. Stahlecker*, No. 09-10-00286-CV, 2010 Tex. App. LEXIS 8797, at *3–*11 (Tex. App.—Beaumont Nov. 4, 2010, no pet.). For example, in *Nueces County*, the court summarized the standard for removal under the Convention as follows: "[A]bsent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Nueces County, supra*, at *2-3 (citing Beiser v. Weyler, 284 F.3d 665, 671-72 (5th Cir. 2002)). The court in *Nueces County* then explained that the defendant-insurers had satisfied the standard for removal under the Convention as follows: "Defendants have pled that an arbitration agreement that purports to fall under the Convention Act is contained in an insurance policy that was issued by at least one insurance company that is a citizen of a foreign country. The [plaintiff] seeks to recover in this action on the basis of that insurance policy. Therefore, the Convention Act removal is not frivolous." *Nueces Cnty., Tex. v. Certain Underwriters at Lloyd's of London*, No. 2:20-CV-065, 2020 WL 2849944, at *3 (S.D. Tex. June 2, 2020). Here, Defendants plead in this Notice of Removal that an arbitration agreement falling under the Convention is contained in an insurance policy that was issued by at least one insurance company that is a citizen of a foreign country, and Plaintiff seeks to recover on the basis of that insurance policy. *See id.* Therefore, the necessary elements for removal under the Convention have been satisfied here.

13.   **The Law Favors Arbitration**. Congress intended to make it easy, not hard, for defendants to remove under Section 205 of the Convention by intentionally setting a low bar for jurisdiction. *See, e.g., McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199,

1209 (5th Cir. 1991) ("Congress made it easy for defendants in state-filed Convention cases to remove to federal court.").[3]

14.     **Timeliness**.  Section 205 of the Convention expressly states that the case may be removed on this basis "at any time before the trial."  9 U.S.C. § 205; *see also Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica*, 855 F. Supp. 163, 166 (N.D. Tex. 1994).[4]  Defendants have file this notice of removal before trial.  As such, this removal is timely.

15.     **Notice to Others**.   In accordance with 28 U.S.C. § 1446(d), Defendants will promptly give notice to all parties in writing and shall file a copy of the notice of removal with the clerk of the state court.

16.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, the following documents are included as exhibits hereto: an index of all documents (Exhibit A), a copy of the docket sheet in the state court action (Exhibit B), each document filed in the state court action (with the exception of discovery – though no merit discovery has occurred to date) (Exhibit C1-C-119), and a certificate of interested persons (Exhibit D).

---

[3] *See also Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002) ("**The low bar that we have set for jurisdiction under § 205** may seem to be in tension with the rule that we strictly construe statutes conferring removal jurisdiction. [citations omitted]. In allowing removal whenever the arbitration clause could conceivably impact the disposition of the case, **we make it easy, not hard, for defendants to remove**. But we conclude that **easy removal is exactly what Congress intended in § 205**." (emphasis added) (citations omitted)); *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 377 (5th Cir.2006) ("So generous is [the Convention's removal provision that] the general rule of construing removal statutes strictly against removal 'cannot apply ... because in these instances, **Congress created special removal rights to channel cases into federal court**.'" (emphasis added) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1213 (5th Cir.1991)).

[4] The time limitations applicable to other forms of federal jurisdiction do not apply to removal under Section 205.  *See, e.g., McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1212 (5th Cir. 1991) ("Under section 1441(d), a defendant may remove 'at any time for cause shown,' and under section 205, a defendant may remove 'at any time before the trial.' Other cases may be removed only within 30 days after the defendant receives a pleading. *See* 28 U.S.C. § 1446(b).").

WHEREFORE, Defendants respectfully remove the above-entitled action from the County Court at Law No. 1 of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Paige C. Jones*
Paige C. Jones
Attorney-In-Charge
Texas Bar No. 24054609
paige.jones@phelps.com
2102 E. State Hwy. 114, Suite 207
Southlake, Texas 76092
Telephone: (817) 488-3134
Telecopier: (817) 488-3214

**ATTORNEY FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served upon all known counsel of record as listed below by placing a copy of same in the United States mail, certified, return receipt requested, electronically, and/or hand delivery on October 6, 2023.

                                                */s/ Paige C. Jones*_____
                                                Paige C. Jones