UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEXAS GREEN STAR HOLDINGS LLC, et al., | § § § | |
| *Plaintiffs*, | § § § | Civil Action No. 3:23-CV-2223-X |
| v. | § § | |
| LANDMARK AMERICAN INSURANCE COMPANY, et al., | § § § | |
| *Defendants*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Texas Green Star Holdings LLC and Texas Green Star LLC's (collectively "Plaintiffs") motion to remand. (Doc. 26). Having reviewed the motion, the applicable law, and Plaintiffs' complaint, the Court **DENIES** the motion. (Doc. 26).

### I. Background

Plaintiffs purchased a greenhouse property in Sanger, Texas in 2020. Plaintiffs hired insurance brokers and agents Anchora Insurance Services, LLC (Anchora), Risk Placement Services, Inc. (RPS), and broker employee Ryan Pike (collectively the "Broker/Agent Defendants") to help procure insurance. Those Defendants arranged three layers of coverage at $5 million each with Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. W2D806200101, Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. CSXNWFQP0000165-00, and Defendant Landmark American Insurance Company.

1

Winter Storm Uri hit Texas in February 2021 and allegedly caused $9 million in damage to the property. Plaintiffs filed a claim and the insurers sent McLarens, Inc. (McLarens) to adjust the claim. McLarens requested information that Plaintiffs believed to be irrelevant, and Plaintiffs sued after concluding the insurers were attempting to create a reason to deny coverage and delay payment.

This Court granted a motion to compel arbitration and compelled Plaintiffs' claims against Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. W2D806200101, Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. CSXNWFQP0000165-00, Defendant Landmark American Insurance Company, and Defendant McLarens (collectively the "Insurer Defendants") to arbitration. But Plaintiffs' claims against the Broker/Agent Defendants—alleging that they failed to procure the correct insurance policies and coverage on Plaintiffs' behalf—remain before this Court. Plaintiffs filed the present motion to remand these claims to state court.

## II. Legal Standard

If "the district courts of the United States have original jurisdiction," then a civil action filed in state court may be removed to the federal court embracing the place where the action is pending.[1] Federal courts have original jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000.[2] To determine whether an action is removable, federal courts must consider

---

[1] 28 U.S.C. § 1441.

[2] 28 U.S.C. § 1332(a)(1).

the claims in the state court petition as they existed at the time of removal.[3]   Any ambiguity is "strictly construed in favor of remand."[4]

### III. Analysis

Plaintiffs filed a motion to remand the claims against the Broker/Agent Defendants to Dallas County Court at Law No. 1.[5]   This case was removed to this Court under federal question jurisdiction in 28 U.S.C. § 1331 due to the arbitration agreement in the contract.[6]   Plaintiffs argue that the Court no longer has jurisdiction over the Broker/Agent Defendants because they were found to not be subject to the arbitration agreement.[7]   The Broker/Agent Defendants  argue that this Court retains supplemental jurisdiction over the case under 28. U.S.C. § 1367.[8]   The Court agrees with the Broker/Agent Defendants.

Under 28. U.S.C. § 1367, "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."   Therefore, if the Court (1) has original jurisdiction and (2) the other claims derive from a common nucleus, supplemental jurisdiction is proper.   The justification for supplemental

---

[3] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[4] *Id.*

[5] Doc. 26.

[6] *Id.* at 3.

[7] *Id.* at 4.

[8] Doc. 27 at 7–9.

jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants."[9]

In this case, the Court has original jurisdiction over the claims against the Insurer Defendants pursuant to 9 U.S.C. § 205.  And the claims against the Broker/Agent Defendants derive from a common nucleus with those against the Insurer Defendants.  Specifically, Plaintiffs contend that the Broker/Agent Defendants failed to procure the correct insurance policies and coverage on Plaintiffs' behalf and the Insurer Defendants failed to provide coverage under the existing policies.  While it is true that the Broker/Agent Defendants were found not to be subject to the arbitration agreement from which federal question jurisdiction derives, the claims against them are nonetheless so deeply intertwined with those against the Insurer Defendants that the arbitration decision regarding the claims against the Insurer Defendants could inform or aid in the outcome of the claims against the Broker/Agent Defendants.   Thus, they form part of the same case or controversy.

Moreover, section 1367(c) sets out the following factors for courts to consider when determining whether to exercise supplemental jurisdiction over state law claims:  (1) whether the claim raises a novel or complex issue of state law, (2) whether the claim substantially predominated over the claim or claims over which the district court had original jurisdiction, (3) whether the district court has dismissed all claims over which it has original jurisdiction, and (4) in exceptional cases, whether there are

---

[9] *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966).

other compelling reasons for declining jurisdiction.[10]  It is clear that the factors favor this Court exercising supplemental jurisdiction over the claims against the Broker/Agent Defendants here.

First, the claims against the Broker/Agent Defendants, including breach of contract, negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act, are not novel or complex.  They are not issues of first impression, do not involve unsettled questions of law, and are not beyond the expertise of this Court.

Second, these claims against the Broker/Agent Defendants do not substantially predominate over those against the Insurer Defendants.  In fact, the claims against the Broker/Agent Defendants arguably depend on the outcome of the claims against the Insurer Defendants in arbitration.

Third, the claims against the Insurer Defendants have not been dismissed. And finally, there are no compelling reasons to decline supplemental jurisdiction.  To the contrary, the considerations of fairness, judicial economy, and convenience favor the Court exercising supplemental jurisdiction given how intertwined the claims against the Insurer Defendants and the Broker/Agent Defendants are.  Therefore, the section 1367(c) factors weigh heavily in favor of exercising supplemental jurisdiction over the state law claims against the Broker/Agent Defendants.

---

[10] *See* 28 U.S.C. § 1367(c).

## IV. Conclusion

Accordingly, the Court **DENIES** the Plaintiffs' motion to remand.  (Doc. 26). Because the outcome of arbitration informs the claims against the Broker/Agent Defendants, the Court **STAYS** and **ADMINISTRATIVELY CLOSES** this case pending the outcome of the arbitration.  When a party moves for the Court to enter judgment on the arbitration award, the Court will order the Plaintiffs and the Broker/Agent Defendants to meet and confer regarding a proposed schedule for resolution of the remaining claims.

**IT IS SO ORDERED** this 30th day of July, 2024.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE